

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

October 7, 2005

## VIA REGULAR MAIL

Francis X. Donnelly, Esq.
Crawshaw, Mayfield, Turner, O'Mara, Donnelly & McBride
2201 Route 38, Suite 300
Cherry Hill, NJ 08002

    *(Attorneys for Plaintiff)*

Craig L. Corson, Esq.
Hoagland, Longo, Moran, Dunst & Doukas LLP
40 Paterson St.
P.O. Box 480
New Brunswick, NJ 08903

    *(Attorneys for Defendant Diploma Joint Insurance Fund)*

**Re: General Star Indemnity Co. v. Diploma Joint Insurance Fund et al.**
   **Civil Action No.: 05-1406 (WJM)**

Dear Counsel:

    This matter comes before the Court on Plaintiff General Star Indemnity Co.'s ("General Star's") motion for partial summary judgment and Defendant Diploma Joint Insurance Fund's ("Diploma's") cross-motion for summary judgment.  There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons set forth below, **General Star's** motion is **GRANTED** and **Diploma's** cross-motion is **DENIED**.

## I. Factual Background

    This case is a claim for indemnification whereby General Star seeks reimbursement from Diploma for fees, costs, and other sums incurred in General Star's defense of the Middlesex Board of Education in an underlying litigation, *Frances Feldman v. Middlesex Borough Board of*

*Education*, 03-CV-2009 (WJM) ("Feldman claim").

In the Feldman claim, Feldman sued the Middlesex Board of Education ("Board") in May 2003 for employment discrimination, alleging she was forced to retire due to her age and a disability.  Pursuant to its obligations under the Employer's Liability Insurance Law, N.J.S.A. 34:15-71, the Board had worker's compensation as well as employer's liability insurance coverage with Diploma.  The Board maintained a separate School Board Legal Liability Insurance Policy, which appears to this Court to be an umbrella-type coverage, issued by General Star.

Upon receipt of Feldman's complaint, the Board submitted a claim to Diploma for defense and indemnification as contemplated by the insurance policies.  Diploma repeatedly denied coverage of the Board's claim, citing its belief that the defense and indemnification obligations in the policies had not been triggered.  Thereupon, the Board negotiated an agreement with General Star whereby General Star would defend against the litigation provided that doing so would not be deemed a waiver of its rights to pursue an indemnification claim against Diploma.  General Star proceeded to defend the Board against the Feldman Claim and in March 2005 filed this lawsuit for indemnification against Diploma.  In April 2005, the Feldman claim settled for $48,000 ("Feldman settlement").[1]

General Star now seeks indemnification for all fees and costs associated with its defense of the Feldman action, reimbursement for the full amount of the Feldman settlement, and costs and fees associated with the instant litigation.

## II.  Standard of Review

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  *See* Fed. R. Civ. P. 56.  Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  *See id.*; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.  Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment.  *See Anderson*, 477 U.S. at 247-48.  If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted.  *See id.*;  *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. Diploma had a duty to defend the Board against the Feldman litigation

An insurance company's duty to defend against litigation arises "when the complaint

---

[1] The Feldman and the Board agreed to the Feldman settlement shortly before a "mini-trial" was to commence before this Court.  This Court nonetheless proceeded with the mini-trial on the issue of whether Feldman suffered physical injury following a dispute with the principal of her school.

states a claim constituting a risk insured against." *Voorhees v. Preferred Mutual Ins. Co.*, 607 A.2d 1255, 1259 (N.J. 1992) (citing *Danek v. Hommer*, 100 A.2d 198 (N.J. Super. Ct. App. Div. 1953)).  Proper analysis as to whether the duty has been triggered focuses on the complaint, whereby the allegations in the complaint are compared to the language of the policy.  "When the two correspond, the duty to defend arises, irrespective of the claim's actual merit." *Id.* at 174.

Here, the Board's insurance policy with Diploma contemplated indemnification of the Board for losses arising out of "bodily injury."  Feldman alleged in her complaint that her hypertension became "life-threateningly high" and required medical attention as a result of harassment by her supervisor.  Compl. ¶ 8.  Diploma admits that hypertension falls within the ambit of "bodily injury."  *See* Def. Br. at 4; Certification of Michael Katz, Exh. 4.  Accordingly, this Court finds that there is no genuine issue of material fact with regard to whether Diploma had an obligation to defend the Board against the Feldman claim.  It did.

In its moving papers, Diploma cites myriad alternative reasons why it did not have an obligation to defend against the Feldman claim.  These include assertions that the claim did not make out a prima facie case under the ADA, that it failed to establish causation between the alleged harassment and the hypertension, and that it impermissibly sought compensatory damages under the ADEA and ADA.  *See* Def. Br. at 21,  27.  Each of these arguments amounts to an assertion that Diploma did not have a duty to defend because the Feldman claim lacked merit.  As previously stated, however, the duty to defend does not turn on the likelihood of the claim's success.  *See also Danek v. Hommer*, 100 A.2d 198, 203 (N.J. Super. Ct. App. Div. 1953) ("[duty to defend] is not abrogated by the fact that the cause of action stated cannot be maintained against the insured either in law or in fact").  The duty arises if and when the allegations contained in a valid complaint comport with those risks contemplated by the insurance contract.  In this case, the Feldman complaint alleged a bodily injury resulting from harassment and discrimination within the workplace, thereby triggering Diploma's duty to defend.

## IV. Diploma

Diploma further and inexplicably argues that it cannot be compelled to indemnify or reimburse General Star at this juncture because it was barred from participating in the settlement negotiations and the mini-trial.  This Court cannot logically discern why, when Diploma repeatedly and unequivocally disclaimed any obligation to defend against the Feldman claim, it now argues it should have been allowed to participate in these proceedings.

The law on indemnification in the event of wrongful refusal of coverage is clear:

> "Where an insurer wrongfully refuses coverage and a defense to its insured, so that the insured is obliged to defend himself in an action later held to be covered by the policy, the insurer is liable for the amount of the judgment obtained against the insured or of the settlement made by him. . . . The only qualifications to this rule are that the amount paid in settlement be reasonable, and that the payment be made in good faith." *See, e.g., Fireman's Fund Ins. Co. v. Security Ins. Co.*, 367 A.2d 864,

868 (N.J. 1976) (citing *N.J. Mfrs. Indem. Ins. Co. v. U.S. Cas. Co.*, 220 A.2d 708, 710 (N.J. Super. Ct. App. Div. 1966)).

Diploma does not suggest that the settlement terms or the amount were unreasonable.  It simply argues the settlement proceedings and the mini-trial were unfair because it could not participate. Given Diploma's repeated refusals to engage in the defense of the Feldman claim on the Board's behalf, this Court finds Diploma's position without merit.

The single case Diploma cites in support of its argument, *Zirger v. General Accident Insurance Company*, 144 N.J. 327 (N.J. 1996), provides no support for its position.  In *Zirger*, the Supreme Court of New Jersey ruled on the specific issue of "whether a plaintiff, who has tried to conclusion . . . his or her claim against a tortfeasor and has received an award of damages, can nevertheless be compelled to relitigate the issue of damages before an arbitration panel pursuant to the arbitration clause in the . . . automobile liability policy."  *Id*. at 332.  As the contracts in dispute in the instant case do not involve arbitration clauses, the *Zirger* court's holding is inapposite for the purposes of this Court's decision.

In light of Diploma's wrongful refusal of the Board's defense and indemnification claim, and in accordance with established law, this Court holds that Diploma is bound by the terms of the settlement agreement in the Feldman action.

## V. Conclusion

For the foregoing reasons, Plaintiff General Star's motion for partial summary judgment is **GRANTED** and Defendant Diploma's cross-motion for summary judgment is **DENIED** in its entirety.  An appropriate Order accompanies this Letter Opinion.

s/William J. Martini

---

**WILLIAM J. MARTINI, U.S.D.J.**

cc:      The Honorable Ronald J. Hedges, U.S.M.J.